14-2403 (L)
Liu v. Lynch

BIA
Van Wyke, IJ
A089 113 955

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand sixteen.

PRESENT:
>        JOSÉ A. CABRANES,
>        RAYMOND J. LOHIER, JR.,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

ZENG WEI LIU,
>        *Petitioner,*

>   v.                                     14-2403(L),
                                           14-4660(Con)
                                           NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:**          Joshua Bardavid, New York,
                             New York.

**FOR RESPONDENT:**          Benjamin C. Mizer, Principal
                             Deputy Assistant Attorney General;
                             Song Park, Senior Litigation

Counsel; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Zeng Wei Liu, a native and citizen of the People's Republic of China, seeks review of a June 9, 2014, decision of the BIA affirming an October 2, 2012, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT")*. *In re Zeng Wei Liu*, No. A089 113 955 (B.I.A. June 9, 2014), *aff'g* No. A089 113 955 (Immig. Ct. N.Y. City Oct. 2, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly

---

*Liu also petitioned for review of the BIA's denial of his motion to reopen. He has now explicitly abandoned his challenge to the BIA's denial of that motion. Petitioner's Br. at 13 n.1.

discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications, like Liu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's adverse credibility determination. The IJ reasonably relied on inconsistencies between Liu's testimony and that of his uncle, as well as his documentary evidence. For instance,

3

Liu testified that he and his mother first started practicing Christianity after Liu's father's death in 2005, when Liu was 14 or 15 years old; he also testified that his father was not a Christian. However, his mother's letter stated that she took Liu to underground churches when he was very young; Liu's uncle testified that Liu's father had been a Christian since they met in 1978. Liu's explanations, that his father could have been a practicing Christian before Liu's birth but was not one after, and that Liu's mother considered 14 or 15 to be very young, are not so compelling that the agency was compelled to credit them. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also reasonably relied on inconsistencies between Liu's and his uncle's accounts of when he first had problems with the police in China. Liu claimed he was first arrested in September 2008, and that he had no problems with the authorities before then. However, his uncle testified that Liu's mother told him about Liu's arrest in June 2008. Liu argues that his uncle later corrected himself, but ignores the fact that his uncle was prompted to do so by Liu's lawyer, who reminded the uncle that the alleged arrest

4

did not occur until September.  The agency's decision to credit the uncle's first statement, rather than the second, is not error.  *See Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007).  This inconsistency, regarding the main allegation of persecution, is sufficient to support the agency's adverse credibility determination, particularly in combination with the inconsistent evidence regarding Liu's practice of Christianity.  *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

Because the only evidence of a threat to Liu's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance

5

with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk